**TELOS VG, PLLC**
John H. Bogart (8305)
299 South Main Street, Suite 1300
Salt Lake City, UT  84111
Telephone:  (801) 535-4304
jbogart@telosvg.com

Attorneys for Defendant Barbara Lilley

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **SPRINGFIELD FINANCE & MORTGAGE COMPANY, LLC**, a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>**BARBARA ANN LILLEY**, and JOHN DOE DEFENDANTS 1 through 10<br><br>Defendants. | **MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Case no. 2:14-cv-00679-EJF<br><br>Mag. Judge Evelyn J. Furse |

Defendant Barbara Ann Lilley ("Lilley"), by and through her attorneys of record, hereby respectfully moves this Court pursuant to Rule 12(b)(6) to dismiss the First Amended Complaint with prejudice.

The Court should dismiss the First and Fourth through Sixth Causes of Action because the claims are not stated, requires an absent indispensable party, or is otherwise without adequate foundation.  The Second and Third Causes of Action should be dismissed because, on the allegations of the First Amended Complaint, there is at least

one absent indispensable party without whom justice cannot be done and further prosecution would deny Lilley her due process rights.

## ARGUMENT

The First Amended Complaint is nearly identical with the original Complaint.  In fact, the factual changes come to a few lines added to Paragraph 7 (asserting minimum contacts) and the addition of Paragraphs 63 (making general agency allegations).  The remaining changes are simply recitation of legal boilerplate, which adds nothing to the plausibility of the claims.

### I. Because No Fiduciary Duty Has Been Pled, The First Cause of Action – Breach of Fiduciary Duty – Should Be Dismissed.

Springfield Financial has pled an ordinary, arm's-length business relationship.  The First Amended Complaint alleges that Springfield, relying on a experienced venture capitalist, reached out to Lilley.  First Amended Complaint ("FAC") at ¶¶ 9, 14, 15, 17.  There was no pre-existing relationship.  There was no special relationship between Springfield and Lilley.  The only fiduciary relationship was that between Springfield and Badger.  That relationship cannot be transferred to Lilley.

It is notable that there are literally no new factual allegations offered to support the breach of fiduciary duty claim, the Court's order of September 29, 2015 notwithstanding.  *See* Order (Dkt. 17) at 9. As the Court stated, a claim for breach of fiduciary duty here requires factual allegations showing that Springfield was dependent on Lilley in a material way, and that the relationship was not an ordinary arm's-length business relationship.  *Id*. at 8.  There are no allegations of superior expertise or access to material facts not reasonably available to Springfield (which, it should be recalled, relied on an experienced venture capitalist for its investment decisions).  *Id*. at 9.

2

The First Cause of Action, breach of fiduciary duty, should be dismissed. Because Springfield had an opportunity to cure the defects in pleading and failed to do so, the claim should now be dismissed with prejudice.

### II. Lilley Is Not A Party To The Only Contracts Pled, So the Fourth Cause of Action Should Be Dismissed.

The Fourth Cause of Action asserts a claim for breach of contract against "Defendants Lilley, True Blue and John Does 1 through 10." There are two fundamental defects with this cause of action. First, Lilley is not a party to any contract pled in the FAC. Second, it is pled against non-parties, in particular, True Blue Ventures and Ms. Hoffman.

Springfield pleads a contract with True Blue Ventures. FAC at ¶¶ 36-37, 52, 58.b, 91. It also pleads contracts with Assured Capital and perhaps Ms. Hoffman. FAC at ¶¶ 46, 89-90. But it does not plead a contract with Ms. Lilley. All of the agreements are pled as agreements between Springfield, on the one hand, and either True Blue Ventures or Assured Capital, on the other hand. Because there is no allegation from which a contract with Lilley could be inferred, no breach of contract against her has been stated. In every instance, the agreement, assuming that there was one, was with a corporate entity.

It is a further defect of the Fourth Cause of Action that is in fact asserted against non-parties. The only defendant here is Barbara Lilley. Springfield has dropped True Blue Ventures as a defendant – it does not appear in the Caption and is not identified as a party in the body of the First Amended Complaint. Instead, it shows up only in the list of defendants for the breach of contract cause of action. Similarly, none of the so-called Doe Defendants has been named or served, and so none is present in this case. This is

not just a technical deficiency.  It places Lilley at an unacceptable disadvantage.  This cause of action, and others, appears to be predicated on imposing liability on Lilley for conduct of third parties without bringing the third parties before the Court.  Hence, Lilley is put to the burden of defending herself and having investigate and defend, as appropriate, third-parties who are likely beyond the reach of this Court.

Because the theory of liability as to Lilley is essentially derivative liability, the third-party from whom liability derives is a necessary party.  It would deny Lilley due process to require her to defend True Blue Ventures when Plaintiff is unwilling to bring True Blue Ventures before the Court.  Yet that is exactly what derivative liability would entail in this case.  Springfield wants Lilley, whom it describes as an agent of True Blue Ventures, to answer for True Blue Ventures.  She should be put to that burden only after there is a showing that True Blue Ventures is liable – bare allegations in a complaint do not meet that standard when the allegations are about a non-party.

Finally, even if a contract between Lilley and Plaintiff is suggested, breach of contract is still not pled.  The material terms of a contract must be pled to state a claim. *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 15, 342 P.2d 224; 9/29/2015 Order at 11.  The Amended Complaint does not include allegations setting out any terms of a supposed contract between Lilley and Springfield (or its predecessor).  The cause of action therefore has not been stated.  This very deficiency was noted in the Court's September 29, 2015 Order: "Springfield fails to meet this standard.  While the Complaint alleges Ms. Lilley entered into a contract with Springfield, the Complaint does not allege when Springfield entered into such a contract or the essential terms of such a contract.  Therefore, the Court holds that Springfield failed to state a plausible claim for breach of

contract." 9/29/2015 Order at 11-12. Thus, Springfield has already had a chance to cure this deficiency and failed to do so. The breach of contract claim should now be dismissed with prejudice.

### III. Alter Ego – Labeled The Fifth Cause of Action – Is Not A Cause Of Action And Cannot Be Pursued Without Joinder of True Blue Ventures, An Indispensable Party.

The Fifth Cause of Action, so-called, is a claim of alter ego between Lilley and True Blue Ventures. *See* FAC at ¶¶ 97-100. This claim should be dismissed.

First, alter ego is not a cause of action. It does not support an award of damages or equitable remedy and cannot be asserted as a claim. *Bushnell v. Barker*, 2012 UT 20, ¶ 13, 274 P.3d 968 (Alter ego is not an independent claim for relief; rather, it is a theory of liability). This is not merely a terminological point. Because it is not a cause of action, it provides no basis for damages and must be dismissed.

Second, it is not pled properly. Whether a cause of action or a theory of imputed liability, it is the plaintiff's burden to allege sufficient factual matter to make the plaintiff's claims plausible. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Bare recitation of legal requirements, boilerplate, is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662 (2209). Yet it is bare boilerplate alone that Springfield offers. FAC at ¶¶ 97-100.

Third, alter ego may not be pled with respect to absent non-parties. *Nikols v. Chesnoff*, 435 Fed. Appx. 766, 771 (10th Cir. 2011) (may not enforce money judgment against non-party on alter ego theory when non-parties were not joined in the underlying case); *Bankers Trust Co. v. Lee Keeling & Associates, Inc.*, 1992 WL 602830, *1 (11/2/1992 N.D. Okla.) (holding that court lacked subject matter jurisdiction to hear alter

ego claims against non-party corporate entities); *Brigham Young University v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 37, 110 P.3d 678 (overruled on other grounds). Moreover, permitting litigation of alter ego claims without requiring the presence of the supposed alter egos is inconsistent with doctrines of finality and preclusion, and unnecessarily risks inconsistent and multiple judgments.  For example, one court may find alter ego relationship between A and B while a second court finds none.  Without both A and B present, A could be left with responsibility for B's wrongdoing even though B is found to have no close relationship with A.

The Court should dismiss the alter ego allegations.

**IV.     No Claim for Punitive Damages Has Been Pled.**

A claim for punitive damages cannot stand on its own.  It must be supported by some other claim.  Here, none of the other claims have been plead properly, and so no other claim will support a demand for punitive damages.  It must fall with the other claims.

**V.      Plaintiff Has Made True Blue Ventures And Assured Capital, At Least, Indispensable Parties, Requiring Dismissal of the First Amended Complaint.**

Springfield has now made clear that it has no intention to or interest in making either Assured Capital, True Blue Ventures, DAH Management, Ms. Hoffman, or Mr. David defendants.  None are named, none served, and even those named in the original Complaint have now been dropped entirely.  This is surprising because each is an essential player in the story alleged by Springfield.  All of the funds at issue were delivered directly from Springfield to Assured Capital or True Blue Ventures.  The fraud, as alleged by Springfield, was directed by Hoffman and her entities, as demonstrated by

6

her conviction on federal securities fraud charges, and as is apparent from the allegations of the First Amended Complaint. FAC at ¶¶ 23-24, 26, 50, 58, 61, 64-65. The records essential to Springfield's case (and to Lilley's defense) are all in the hands of those entities or the Federal Government.

All of the claims alleged against Lilley sound in derivative liability, liability arising (if at all) from her connection with the absent parties, True Blue Ventures and Assured Capital and DAH Management, and Ms. Hoffman. It will be impossible to trace Springfield's money without involving the absent parties – the funds, after all, transited through their books and it is only by examination of those books and records that it would be possible to tell if any of the Springfield funds in fact were paid to Lilley. As a practical matter, then, they are necessary parties.

These circumstances meet the requirements of Rule 19(a). Rule 19 provides, in relevant part, that a party is necessary if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

First, without the absent parties, complete relief cannot be accorded between Springfield and Lilley. It is not possible either to determine what funds may have been paid to Lilley or to identify the resting place of Springfield's funds. Thus, no complete accounting is possible in their absence.

Second, the funds are, on the allegations of the First Amended Complaint, subject to claims by absent investors, each of whom is placed identically with the Springfield

with respect to claims on any funds from Assured Capital or True Blue Ventures, et al. Any award would make Lilley subject to conflicting and multiple claims, contrary to Rule 19.

Therefore the Court should dismiss the First Amended Complaint or require Springfield to effect joinder of the missing parties before the case proceeds.

### VI.     Plaintiff Has Pled Itself Out of the Second and Third Causes of Action.

The factual allegations of the First Amended Complaint preclude Springfield's claim for unjust enrichment. In particular, the FAC makes clear that all funds invested by Springfield – at the behest of Mr. Badger – were sent directly to Assured Capital/DAH Management (FAC at ¶ 26) or to True Blue Ventures (FAC at ¶ 38, 47, 91). All of the funds went directly to those entities, not to Ms. Lilley. As she was not the recipient of the funds, she could not have been unjustly enriched by receipt of the funds.

Springfield's conclusory allegations do not cure this defect. The conclusory allegation that Lilley "kept portions" of the funds will not do. What portion was "kept?" As the funds never transited a Lilley account, but went directly from Springfield to True Blue or Assured Capital, how would it have been possible for her to "keep" what was never in her hands?

The Third Cause of Action, for accounting, is also defective. As now alleged, Springfield claims that Lilley had a fiduciary duty to it (FAC at ¶83) and failed to properly manage the investments. FAC at ¶ 84. But Springfield has not pled the factual basis for a fiduciary relationship with Lilley, and cannot cure that defect by just asserting the existence of a fiduciary relationship. The Court therefore must assume the relationship was an arm's-length commercial relationship. The Complaint is clear that

Springfield entrusted its money to Assured Capital or to True Blue Ventures.  But, with respect to Assured Capital, there is no allegation that Lilley had control over or a managerial role in that company, that she had any responsibility for Assured Capital's investment activity.  That then provides no basis for an accounting claim.

## CONCLUSION

Springfield has had its chance to plead a claim, and has failed.  It omits necessary parties.  The Court should now dismiss the First Amended Complaint with prejudice.

Dated October 29, 2015.

**TELOS VG, PLLC**

/s/ John H. Bogart
John H. Bogart
Attorneys for Defendant
Barbara Ann Lilley

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2015, I electronically filed a true and exact copy of the foregoing Motion to Dismiss with the Clerk of Court and served it by the Court's electronic notification system on:

Shawn D. Tucker
Shawn D. Tucker LC
5383 South 900 East, Suite 104
Murray, UT 84117
sdtlawyer@gmail.com

    Counsel for Plaintiff

                                              /s/ John H. Bogart
                                                John H. Bogart